UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

LORRIE L.,[1]

               Plaintiff,

    v.

COMMISSIONER, SOCIAL SECURITY
ADMINISTRATION,

               Defendant.

6:23-cv-00942-JR

OPINION & ORDER

Russo, Magistrate Judge:

    Plaintiff brings this proceeding to obtain judicial review of the Commissioner's final decision denying an application for disability insurance benefits. Plaintiff filed an application for disability benefits on October 2, 2017. Tr. 149. After denial at all agency levels, plaintiff initiated an action in this Court for review and the Court remanded the matter back to the Social Security Administration on March 3, 2022. Tr. 693. However, plaintiff filed a different application for supplemental security income benefits which was allowed as of September 23, 2020. Tr. 641.

---

[1] In the interest of privacy, this Order uses only the first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this Order uses the same designation for a non-governmental party's immediate family member.

Page 1 – OPINION & ORDER

Upon remand of the previous disability determination, an Administrative Law Judge (ALJ) determined plaintiff became disabled, as a result of an age category shift, beginning July 19, 2020. Tr. 653. Plaintiff seeks review of that decision asserting she became disabled as of September14, 2017. Tr. 170.

Plaintiff asserts disability due to salivary gland disease, post-traumatic stress disorder, hearing loss and ventral disorder. Tr. 172. After a hearing held on October 22, 2022, the ALJ determined plaintiff established disability beginning July 19, 2020. Tr. 661-686, 653. Plaintiff contends the ALJ erred by: (1) improperly rejecting plaintiff's symptom testimony; (2) improperly rejecting the opinion of a mental health counselor; and (3) improperly addressing lay witness testimony.

DISCUSSION

1.  Plaintiff's Testimony

Plaintiff testified she is a recovering addict with over thirty years of sobriety. Tr. 45. Plaintiff asserted that most of the medications her medical providers prescribe are "highly addictive." Tr. 46. Plaintiff also asserted she tried Zoloft for post-partum depression and did not receive any benefit from it. Tr. 44-45.

After a surgery in 2017 to remove a tumor from her neck, plaintiff testified she is not able to drive. Tr. 47-48. She asserted she cannot stand and has balance issues. Tr. 48. Plaintiff states she is easily startled, paranoid, and confused. Tr. 49-50. She further stated she quit reading and listening to music because she can't focus or concentrate on anything. Tr. 50. Plaintiff asserted that since the surgery, her functioning "is worse because she cannot turn her head much, lift her neck, her face cramps and stings, and she can only look down for a couple of minutes." Tr. 54-

55. Plaintiff stated she has to lie down for 20 minutes every two hours to rest her neck. Tr. 56. Additionally, plaintiff asserts she cannot lift more than eight pounds. Tr. 60.

The ALJ determined that plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms are not fully supported. Tr. 647. He noted plaintiff reported significant improvement with the rotation of her neck following physical therapy. Tr. 647, 560. The ALJ also noted that other than a progress note from her plastic surgeon after neck scar band release surgery her range of motion seemed improved with incisions healing well. Tr. 648, 590. There are no other documented restrictions from the claimant's surgeon or physical treatment providers. Tr. 648, 590. The ALJ further noted:

> In March 2020, Dr. Loyo noted that the claimant's head was sitting straighter at rest compared to pre-op and she demonstrated good flexion and extension bringing her chin to her chest but there was limited range of motion with left lateral movement [Tr. 906]. She was advised to return after six months of physical therapy. There is no evidence of follow up on her physical allegations after this date.

Tr. 648.

The ALJ recounted that mental health treatment notes reveal that plaintiff has not presented with assisted mobility and despite the consultative examiner's observation she presented with a slow gait, her gait was noted as normal in other records. Tr. 648, 343, 535, 537.

The ALJ stated that although treatment providers recommended medications which were rebuffed by plaintiff due to addiction history:

> despite the claimant's concerns over her sobriety, the record shows that she uses marijuana for pain management and use of alcohol [Tr. 376, 464, 549, 559, 562]. Moreover, the claimant has declined medications to assist with her pain that are not generally considered addictive, specifically, Cymbalta [Tr. 350, 559]. It is also notable that the claimant declined antidepressants offered for her mental impairments [Tr. 466]. La Pine Community Health Center records show that the claimant declined antidepressants again [Tr. 466].

Tr. 648-49.

Page 3 – OPINION & ORDER

The ALJ determined that plaintiff's symptom allegations regarding sitting, standing, walking, and use of extremities were inconsistent with the clinical evidence and diagnostic findings:

> Physical examinations of record do not document disabling difficulty with lifting, carrying, sitting, walking or standing. The record shows that the claimant has difficulty rotating her neck subsequent to facial tumor excision due to pain that she has managed with marijuana in the past Tr. 559, 562]. The evidence does not support a finding that she has significant gait disturbance due to problems rotating her neck as she reported exercising three miles regularly [Tr. 357]. Subsequent to surgery in 2017, the claimant was restricted to lifting no more than 10 pounds for two weeks [Tr. 369]. In March 2020, the claimant's surgeon noted that the claimant's head was sitting straighter at rest compared to pre-op and she demonstrated good flexion and extension bringing her chin to her chest but there was limited range of motion with left lateral movement [Tr. 906].

Tr. 649.

Although plaintiff purported to explain her failure to follow the recommended course of treatment due to addiction issues, the ALJ reasonably concluded plaintiff failed to adequately explain such failures. Inadequately explained failure to seek treatment casts doubt on the sincerity of a plaintiff's pain testimony providing a specific, clear, and convincing reason for the ALJ to reject such testimony. Fair v. Bowen, 885 F.2d 597, 603–04 (9th Cir. 1989). The ALJ also appropriately relied on conflicts in the medical records with plaintiff's statements of disabling symptoms. Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony. Johnson v. Shalala, 60 F.3d 1428, 1434 (9th Cir.1995). Accordingly, the ALJ did not err in rejecting plaintiff's symptom testimony.

2.      Medical Opinion

Plaintiff asserts the ALJ improperly rejected the opinion of Licensed Clinical Social Worker (LCSW) Carol Zancanella. Zancanella opined plaintiff would be precluded 20-30 percent of the workday in her ability to: understand and remember detailed instructions; carry out detailed

instruction; maintain attention and concentration for extended periods; complete a normal workday and workweek without interruptions due to symptoms and perform at a consistent pace without unreasonable breaks; respond appropriately to changes in the work setting; travel to unfamiliar places or use public transportation; and set realistic goals or make plans independent of others. Tr. 623-25. Accordingly, Zancanella determined plaintiff would miss five or more days of work each month and would be off task more than 30 percent of the workday. Tr. 626.

      The ALJ found LCSW Zancanella's opinion:

> unpersuasive because the level of alleged limitation is not supported by her own treatment records that show that, although the claimant's symptoms have vacillated, they have improved over time as noted in her last visit where Counselor Zancanella writes that the claimant is "stable" with improving mood and anxiety in the absence of medication [Tr. 922]. The undersigned recognizes that she has a longitudinal treatment history with the claimant but the progress notes from June 2018 through September 2020 do not support the level of limitation she determined.

Tr. 650.

      An ALJ must articulate how persuasive he finds the medical opinions in the record. 20 C.F.R. § 404.1520c(b). Factors to be considered in evaluating the persuasiveness of a medical source's opinion include supportability, consistency, the source's relationship with the claimant, and any source specialization. 20 CFR § 404.1520c(c). Although an ALJ need not articulate his consideration of all factors used to assess persuasiveness, he must at a minimum "explain how [he] considered the supportability and consistency factors for a medical source's medical opinions." 20 C.F.R. § 404.1520c(b)(2).

      The ALJ's assessment of LCSW Zancanella's opinion is insufficient for the Court to determine whether the treatment note that plaintiff is "stable and improving in the absence of medication" is inconsistent with the significant limitations also noted in her opinion. Accordingly, a remand is necessary to determine whether, for instance, an assessment of "stable, mood and

Page 5 – OPINION & ORDER

anxiety improved" (Tr. 922) is consistent with limitations that result in five or more missed days of work per month, whether the opinion is persuasive in light of plaintiff's inadequately explained reluctance to take medications that may improve her symptoms, or whether the opinion is persuasive in light of Dr. Michael Lace's opinion that plaintiff's mental limitations caused no more than moderate limitations (Tr. 667-74).

3.  Lay Witness Testimony

Plaintiff's daughter provided a source statement indicating limitations in virtually all of plaintiff's physical abilities. Tr. 206-212. Plaintiff's friend also completed a questionnaire indicating limitations. Tr. 255-62. Plaintiff asserts the ALJ erred by providing no reasons for rejecting the statements.

The ALJ simply stated he "considered the supportive statements and observations from the claimant's daughter … and friend …, concerning her impairments and associated decreased work capacity when determining the residual functional capacity." Tr. 650. Regarding an ALJ's treatment of lay statements, it is an open question whether they are still required to consider lay witness evidence under the revised regulations, although it is clear they are no longer required to articulate those considerations in their decisions. See Johnson v. Kijakazi, 2022 WL 3998572, at *2 (9th Cir. Sept. 1, 2022). Here, the ALJ did not err as he did consider the statements despite failing to articulate his reasons for accepting or rejecting them. Nonetheless, upon remand for reconsideration of LCSW Zancanella's opinion, the parties are free to raise the impact of the statements on plaintiff's ability to work prior to the onset date determined by the ALJ.

4.  Remand

Plaintiff asks the Court to remand for an award of benefits dating to September 14, 2017.

If the ALJ erred in some respect in reaching a decision to deny benefits and the error was not harmless, ordinarily, the remedy is to remand for further proceedings. Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1099 (9th Cir. 2014). A remand for an award of benefits should only be made in rare circumstances. Id. at 1100.

To remand for an award of benefits under the credit-as-true rule, the Court should first ask whether the ALJ has failed to provide legally sufficient reasons for rejecting evidence. Id. Here, the ALJ failed to provide legally sufficient reasons for rejecting LCSW's Zancanella's opinion which establishes disability if accepted.

The Court should next ask whether the record has been fully developed, i.e., whether there are outstanding issues that must be resolved before a determination of disability can be made and whether further administrative proceedings would be useful. Id. at 1101. Administrative proceedings are generally useful where the record has not been fully developed, there is a need to resolve conflicts and ambiguities, or the presentation of further evidence may prove enlightening in light of the passage of time. Id. As noted above, further proceedings would help resolve ambiguities regarding whether LCSW Zancanella's opinion is persuasive. Moreover, even if no outstanding issues remain, the Court must determine whether the record, taken as a whole, leaves not the slightest uncertainty as to the outcome of the proceeding. Id. Even if all three requirements are met, remand for further proceedings remains within the Court's discretion. Id. at 1102. The Court finds a remand for further proceedings is appropriate in this case.

CONCLUSION

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), the decision of the Commissioner is reversed and remanded for further proceedings. The Clerk is directed to enter a judgment accordingly.

DATED this 22nd day of April, 2024.

/s/ Jolie A. Russo
JOLIE A. RUSSO
United States Magistrate Judge